## The STEAMBOATERS et al,
*Petitioners,*

*v.*

## WATER RESOURCES COMMISSION et al,
*Respondents.*

(CA A38933 and A39461)
(Cases consolidated)

735 P2d 649

Bill Kloos, Eugene, argued the cause and filed the brief for petitioners.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondents Water Resources Commission, Oregon Water Resources Department and William H. Young. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jacob Tanzer, Portland, argued the cause for respondent Winchester Water Control District. With him on the brief was Ball, Janik & Novack, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners seek review of the Water Resources Commission's final order directing Winchester Water Control District, the owner of Winchester Dam, to complete and implement plans for structural safety modifications on the dam.[1] ORS 540.350(5); ORS 540.360.[2] In essence, the modification requirements are aimed at particularizing and implementing certain structural rehabilitation proposals which were set forth in the district's 1983 application to the Water Resources Director for a water appropriation permit which was issued to facilitate the district's use of the dam as part of a hydroelectric power generation project. We affirmed its issuance in *Steamboaters v. Winchester Water Control Dist.,* 69 Or App 596, 688 P2d 92 (1984), *rev den* 298 Or 553 (1985).

Petitioners assign error to the state respondents'[3] denials of their requests for party status in the safety modification proceeding. They also contend that the agency committed substantive errors in its order, principally by failing to treat the proceeding as involving a "land use decision" and as requiring the application of statewide land use planning Goal 5 to detemine whether the removal or reduction of the dam, rather than its structural repair, is indicated for the protection

---

[1] Petitioners also seek review of an earlier and substantively similar proposed order which was submitted to the commission before it promulgated the final order. The petition for review of that preliminary document is dismissed.

[2] Those statutes provide:

"The commission may make inspections of any hydraulic structure, the site thereof, and of the plans and specifications, and any other features involved in the construction, maintenance and operation of the works. If, as a result of the inspections, the commission considers any modifications necessary to insure the safety of the works with reference to possible damage to life or property, the commission shall notify the legal owners by registered mail, stating why the works are unsafe. The notice shall set forth the modifications necessary to insure the safety of the works in so far as it affects possible damage to life or property. The notice also shall set a hearing at a time and place as will give the owners a reasonable time to prepare for the hearing." ORS 540.350(5).

"After the hearing the Water Resources Commission may issue a written order to the owners to make such modifications as the commission considers necessary to insure the safety of the works with reference to possible damage to life or property and shall fix the time within which work shall begin in good faith and the time for completion. The owners, upon receipt of the order, shall make the modifications ordered within the time limit prescribed or shall initiate an appeal as above provided." ORS 540.360.

[3] The term "state respondents" refers to respondents other than the district.

of fishery resources.

■     The state respondents answer, first, that only petitioners' assignment pertaining to the denial of party status can be considered by us at this time, because the agency has not addressed the substantive issues in this proceeding and because petitioners are entitled to raise only the party status issue in the present posture of the case. *See* ORS 536.075(2); ORS 183.310(6). The state respondents are correct, for the reasons they state and for the further reason that, if it was error to deny party status to petitioners, a remand would be necessary and the proceedings on remand could affect or be determinative of the merits of the substantive questions that petitioners seek to raise here.

■     The state respondents also argue that the denials of party status were correct. They explain that (1) a proposal for structural modification of the dam was part of the district's application for the water appropriation permit and that petitioner The Steamboaters participated in the permit proceedings and unsuccessfully sought reversal of the permit's issuance by this court; (2) the present proceeding, by the terms of ORS 540.350(5) and ORS 540.360 and in fact, was concerned only with safety measures; (3) petitioners' requests for party status asserted interests in the underlying nature and existence of the dam and the project, as distinct from the safety concerns which were the subject of the proceeding, and the requests were therefore properly denied under OAR 137-03-005(7); and (4)

> "[ORS 540.350(5) and ORS 540.360] are specifically addressed to the narrow issue of dam safety and they are designed to deal narrowly with safety matters peculiarly under the control of the dam owner, so that safety measures can be taken in a timely fashion to avoid injury to life and property. A hearing conducted pursuant to these provisions does not constitute an unlimited opportunity for any interested person to relitigate the appropriateness of approval of an already approved dam, or other hydraulic structure. Rather, the dam safety hearing is confined to safety concerns with the existing structure * * *."

We agree with the state respondents.

Petition for judicial review dismissed in A38933; affirmed in A39461.